**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4976**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

DARNELL LEON BROWN,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Henry M. Herlong, Jr., Senior
District Judge.  (8:05-cr-00812-HMH-2)

Submitted:  May 8, 2013                    Decided:  May 24, 2013

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darnell Leon Brown appeals the district court's judgment revoking his supervised release and sentencing him to the statutory maximum of eighty-four months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court abused its discretion in revoking Brown's supervised release and in imposing sentence. Brown was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm.

Although we ordinarily review the district court's revocation of supervised release for abuse of discretion, see United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999), Brown did not object to the district court's revocation of his supervised release; we therefore review for plain error. United States v. Olano, 507 U.S. 725, 731-32 (1993) (providing standard). Because Brown admitted to possessing controlled substances, firearms, and ammunition, the district court was obligated to revoke Brown's supervised release and impose a term of imprisonment. See 18 U.S.C. § 3583(g) (2006). Accordingly, we conclude that the district court did not err—plainly or otherwise—by revoking Brown's supervised release.

In examining a sentence imposed upon revocation of supervised release, this court "takes a more deferential

2

appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). A sentence imposed upon revocation of supervised release should be affirmed if it is within the statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In reviewing a revocation sentence, "we first decide whether the sentence is unreasonable," following the same general principles we apply to our review of original sentences. Id. at 438. Only if we find that a sentence is either procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

A revocation sentence is procedurally reasonable if the district court has considered both the applicable 18 U.S.C. § 3553(a) (2006) factors, see 18 U.S.C. § 3583(e) (2006), and the policy statements set forth in Chapter Seven of the U.S. Sentencing Guidelines Manual ("USSG") (2012). Crudup, 461 F.3d at 439. The district court also must provide an explanation of its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should

3

receive the sentence imposed. Crudup, 461 F.3d at 440. "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id. at 439 (internal quotation marks omitted). Because Brown did not object to any aspect of his sentence, our review is for plain error. See United States v. Bennett, 698 F.3d 194, 199-200 (4th Cir. 2012), cert. denied, 133 S. Ct. 1506 (2013).

Our review of the record reveals that the district court committed no procedural error. Although the district court plainly erred by considering § 3553(a)(2)(A), a prohibited factor under 18 U.S.C. § 3583(e), we conclude that this error did not affect Brown's substantial rights. See Olano, 507 U.S. at 731-32; United States v. Hargrove, 625 F.3d 170, 183-84 (4th Cir. 2010). When imposing Brown's revocation sentence, the district court emphasized Brown's breach of trust, observing that Brown had continued to engage in criminal activity after being charged in both state and federal court. Moreover, the district court considered several permissible factors under § 3583(e), including the need to deter Brown from engaging in criminal activity and to protect the public. See 18 U.S.C. § 3553(a)(2)(B), (C); Bennett, 698 F.3d at 201 (upholding sentence when prohibited factor "constituted only a minor fragment of court's reasoning" and when court's "concern with

4

[defendant's] breach of trust . . . far outweighed any other concerns"). Given the broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum, Brown's sentence is reasonable. See Crudup, 461 F.3d at 439 (stating that, if sentence is reasonable, inquiry ends).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Brown, in writing, of his right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED